IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIA ARGOTE,<br><br>    1465 Highview Lane, #114,<br>    Alexandria, VA 22311,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>METROPOLITAN POLICE<br>DEPARTMENT,<br><br>    300 Indiana Avenue, NW<br>    Washington, DC 20001,<br><br>and<br><br>TERRENCE RICHARDSON,<br><br>    1805 Bladensburg Road, N.E.,<br>    Washington, DC 20002<br><br>    Defendants. | Civ. Action No. 15-302<br><br><br>Complaint for Damages<br>(Jury Trial Requested) |

## **INTRODUCTION**

1.  On March 3, 2012, at 9:45 p.m., two District of Columbia Metropolitan Police Department (MPD) Officers stopped a moving car, allegedly, on suspicion of driving under the influence of alcohol.  Two MPD Officers instructed the driver to exit the car and submit to field-sobriety tests.  They seized her driver's license and mobile phone.

2.  While one of the officers "tested" the driver's sobriety at roadside, the other rifled through the images stored on her phone.  One of the images the officer reviewed was a naked photo of the driver that she had taken for her boyfriend.  Without the knowledge or

consent of the driver, the officer attached a copy of the photo to a text he sent from the driver's mobile phone to his own.

3. The driver on the night of March 3rd was Plaintiff, Natalia Argote. MPD Officer Terrence Richardson's actions shattered her trust in authority: a photo of herself in an undressed state was stolen from her under false pretenses and she has no idea how many strangers have seen it and how many now possess, it. She, therefore, lodges claims against MPD and against Richardson personally for conversion, invasion of privacy, and substantive and due process violations of 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

4. Plaintiff resides in Virginia.

5. Richardson resides in the District of Columbia.

6. The events giving rise to this lawsuit occurred in the District of Columbia.

7. This Court has jurisdiction and venue in this lawsuit because it concerns violations of federal law, involves diverse parties, and events that occurred in the District.

## ALLEGATIONS

8. Plaintiff is a woman and a "person" within the meaning of 42 U.S.C. §1983.

9. The data stored on Plaintiff's phone on March 3, 2012, was her personal property that she intended to keep private.

10. At all times relevant, the MPD Officers who stopped Plaintiff on March 3rd were employed by MPD and it controlled their daily work schedule, duties, and location.

11. At all times relevant, the MPD Officers acted in an official, government capacity and were clothed with the authority of the District of Columbia.

12. At all times relevant, the MPD Officers acted within the scope of their duties.

13. At all times relevant, the MPD Officers acted under the color of law.

14. The MPD Officers had no lawful reason to search Plaintiff's phone.

15. Richardson had no lawful reason to review the images on Plaintiff's phone.

16. On information and belief, MPD officers regularly rifle through the phones of female citizens without their permission or a warrant, searching for salacious photos.

17. On information and belief, MPD officers regularly share the salacious photos with each other and individuals outside the MPD.

18. On information and belief, on March 3, 2012, MPD was aware that its officers were conducting warrantless searches of female citizens' phones and sharing the photos they stole; yet, it took no action to stop and correct its officers.

19. The MPD failed to properly train its officers, including Richardson, on the scope of a search incident to a DUI arrest.

20. The MPD failed to properly train its officers, including Richardson, on the necessity of securing a warrant in advance of conducting a search and seizure of a citizen's phone and the data stored on it.

21. The MPD failed to properly train its officers, including Richardson, on preserving the privacy of its citizens when conducting field-sobriety tests.

22. The MPD failed to monitor and manage its officers so that the privacy and security citizens enjoy in their mobile phones are not compromised when they come in contact with improperly trained MPD officers.

## CLAIMS

### A.  Count I — Denial of Fourth-Amendment Protection from Warrantless Search and Seizure

23. All preceding paragraphs are incorporated by reference into this Count.

24. The Fourth Amendment to the U.S. Constitution protects citizens from unreasonable searches and seizures.

25. On March 3, 2012, MPD did not possess a warrant to rifle through the data and images on Plaintiff's mobile phone in connection with a DUI stop.

26. On March 3, 2012, MPD did not possess a warrant to usurp Plaintiff's control and send text messages from her phone under her name.

27. On March 3, 2012, MPD did not possess a warrant to distribute a copy of Plaintiff's private photo to Richardson.

28. Nonetheless, MPD, through Richardson, took each of those actions.

29. MPD did not stop Plaintiff or issue her a citation on March 3rd for using her phone while driving. Rather, MPD stopped her for driving under the influence of alcohol.

30. It was not harmless, necessary, or reasonable for MPD to rifle through the photos on Plaintiff's phone to determine whether she was impaired while driving.

31. MPD's acted intentionally, purposefully, maliciously, recklessly, or with callous indifference to Plaintiff's rights.

32. MPD's conduct injured Plaintiff emotionally and physically.

**B.   Count II — Denial of Fourteenth-Amendment Right to Due Process**

33. All preceding paragraphs are incorporated by reference into this Count.

34. Under the Fourteenth Amendment to the U.S. Constitution, no citizen shall be deprived of life, liberty, or property without due process of law.

35. MPD, through Richardson, denied Plaintiff due process by searching her phone and seizing a photo from it without her consent and without a warrant.

36. The search and seizure was not harmless, necessary, or reasonable since MPD had no need to rifle through the photos on Plaintiff's phone to determine whether she was impaired by alcohol while driving.

37. MPD could have, but chose not, to detain Plaintiff while seeking a warrant.

38. MPD acted intentionally, purposefully, maliciously, recklessly, or with callous indifference to Plaintiff's rights.

39. MPD's misconduct violated 42 U.S.C. § 1983.

40. MPD's misconduct injured Plaintiff emotionally and physically.

**C.    Count III — Denial of the Fourteenth-Amendment Right to Equal Protection**

41. All preceding paragraphs are incorporated by reference into this Count.

42. Under the Fourteenth Amendment to the U.S. Constitution, no citizen shall be denied equal protection of the law.

43. MPD, through Richardson, denied Plaintiff equal protection on account of her gender by searching her phone and seizing a naked photo of her from it without her consent and without a warrant.

44. On information and belief, Richardson disseminated Plaintiff's photo to other MPD officers and individuals outside MPD.

45. Richardson's review of Plaintiff's phone caused Plaintiff to be detained against her will longer than necessary to affect the DUI stop.

46. MPD's conduct shocks the conscience and offends the community's sense in the District of Columbia of fair play and decency.

47. MPD acted intentionally, purposefully, maliciously, recklessly, or with callous indifference to Plaintiff's rights.

48. MPD's conduct violated 42 U.S.C. § 1983.

49. MPD's conduct injured Plaintiff emotionally and physically.

**D.    Count IV — Invasion of Privacy**

50. All preceding paragraphs are incorporated by reference into this Count.

51. MPD, without the knowledge or consent of Plaintiff, invaded Plaintiff's private affairs by (a) rifling through the data on her mobile phone, (b) attaching an image to a text from her phone and sending it, and (c) distributing Plaintiff's private photo to Richardson for his unfettered use and control.

52. MPD's invasion of Plaintiff's privacy was offensive and unreasonable.

53. Plaintiff's stored photos, including the private photo that was sent by text to Richardson involved private matters of personal concern to Plaintiff.

54. MPD acted intentionally, purposefully, maliciously, recklessly, or with callous indifference to Plaintiff's rights.

55. MPD conduct injured Plaintiff emotionally and physically, including mental anguish, humiliation, and embarrassment.

**E.    Count V — Conversion/Civil Theft**

56. All preceding paragraphs are incorporated by reference into this Count.

57. MPD seized Plaintiff's personal property, a mobile phone.

58. Plaintiff intended the data stored on her phone be kept private and, thus, had an expectation that her photos would be kept private during and after the DUI stop.

59. Richardson rifled through Plaintiff's phone without her knowledge or permission, selected a photo that he liked, and sent it to himself from Plaintiff's phone.

60. Plaintiff never gave MPD consent or permission to (a) rifle through the data, including photos, stored on her mobile phone, (b) send a text from her phone with an attachment, or (c) give Richardson (or anyone else) a copy of her private photo.

61. Neither MPD nor Richardson has returned the photo to Plaintiff, provided proof that it and any other copies of it have been destroyed, or provided a list of the individuals to whom Richardson distributed the private photo.

62. Since March 3, 2012, Richardson has had complete dominion and control over an unrestricted, digital copy of the Plaintiff's private photo in derogation of her rights.

63. MPD acted intentionally, purposefully, maliciously, recklessly, or with callous indifference to Plaintiff's rights.

64. MPD's conduct injured Plaintiff emotionally and physically.

## RELIEF REQUESTED

Based on the foregoing, Plaintiff respectfully requests that the Court issue an order:

65. Finding that MPD and Richardson violated Plaintiff's constitutional rights and that they are jointly and severally liable to Plaintiff for her injuries;

66. Awarding Plaintiff compensatory damages, punitive damages, attorney's fees, and pre-judgment interest; and

67. Any other relief the Court determines is just, necessary, or appropriate.

Respectfully submitted,

_____
Latif Doman (DC 466654)

DOMAN ATTTORNEYS LLP
294 M Street, S.W.
Washington, DC 20024
(202) 413-2331
latif.doman@domanattorneys.com