**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| NATALIA ARGOTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 15-cv-303 (RMC) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| METROPOLITAN POLICE | ) |
| DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MEMORANDUM OPINION

Natalia Argote seeks redress for the actions taken by a police officer pursuant to a traffic stop. Specifically, she alleges that Officer Terrence Richardson searched her cellular telephone while another officer conducted a field sobriety test. Officer Richardson then allegedly texted himself a naked image of Ms. Argote found on her phone. Three of the four defendants have moved to dismiss Ms. Argote's allegations for various reasons. *See* Mot. to Dismiss [Dkt. 4] (Mot.). The motion will be granted in part and denied in part.

## I. FACTS

The facts alleged in the operative complaint must be taken as true in this procedural posture. *Baird v. Gotbaum*, 792 F.3d 166, 169 n.2 (D.C. Cir. 2015).

Ms. Argote resides in Virginia but was driving in the District of Columbia on March 3, 2012. At approximately 9:45 p.m., two police officers responded to a car accident. Ms. Argote was ordered to exit her car and submit to field sobriety tests. Her driver's license and mobile phone were taken from her while she submitted to the tests.

Officer Richardson was the one who took Ms. Argote's phone.  He began perusing the images on it, until he came to "a naked photo of [Ms. Argote] that she had taken for her boyfriend."  Am. Compl. [Dkt. 3] ¶ 2.  Without Ms. Argote's knowledge or consent, Officer Richardson attached a copy of the photo to a text that he sent himself from Ms. Argote's phone.

Ms. Argote now sues four defendants: (1) the District of Columbia; (2) the D.C. Metropolitan Police Department (MPD); (3) MPD Police Chief Cathy Lanier; and (4) Officer Richardson.  The Amended Complaint has five counts, each ostensibly aimed at all four defendants.  Count I alleges a violation of the Fourth Amendment, to wit, an unreasonable search and seizure of Ms. Argote's phone.  Count II alleges a deprivation of Ms. Argote's right under the Fourteenth Amendment to due process.  Count III alleges denial of Ms. Argote's guarantee under the Fourteenth Amendment to equal protection of law.  Count IV alleges common-law invasion of privacy.  Count V alleges common-law conversion/civil theft.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face. Fed. R. Civ. P. 12(b)(6). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Id.* at 570.  A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Id.* at 555.  But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice.  *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

### III.  ANALYSIS

Several of Ms. Argote's claims fail to state a claim that is plausible on its face, and another is untimely.  Only one will proceed to discovery.

### A.  The Metropolitan Police Department and Chief Lanier Will be Dismissed

No one can sue a constituent agency of the District of Columbia.  *See Trifax Corp. v. District of Columbia*, 53 F. Supp. 2d 20 (D.D.C. 1999) (holding that the Department of Human Services is *non sui juris*); *Ray v District of Columbia*, 535 A.2d 868, 869 n. 2 (D.C. 1987) (holding that the Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic are not *sui juris* entities); *Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C. 1976) (holding that the Board of Higher Education is not an entity that can be sued); *Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. 1974) (holding that the Department of Sanitation cannot be sued).  There is no question that MPD is such an entity, and thus *non sui juris*.  *See Allen-Brown v. District of Columbia*, 54 F. Supp. 3d 35, 40 (D.D.C. 2014) ("[I]n light of the fact that . . . defendant MPD cannot be sued, the Court will grant defendants' motion to dismiss MPD as a defendant.").  MPD will be dismissed as a defendant from this case.

Chief Lanier is of course not an agency, but is sued in her official capacity as the Chief of the MPD.  An official capacity suit against an individual is the functional equivalent of a suit against the official's employer—in this case, the District of Columbia.  *Jones v. Ottenberg's Bakers, Inc.*, 999 F. Supp. 2d 185, 190 (D.D.C. 2013); *Brown v. Corr. Corp. of Am.*,

603 F. Supp. 2d 73, 78 (D.D.C. 2009); *Hardy v. D.C.*, 601 F. Supp. 2d 182, 187 (D.D.C. 2009);

*Jenkins v. Jackson*, 538 F. Supp. 2d 31, 33 (D.D.C. 2008).  In such cases, it is "redundant and an

inefficient use of judicial resources" to maintain the official as a defendant.  *E.g.*, *Ottenberg's*

*Bakers*, 999 F. Supp. 2d at 190 (quoting *Cooke–Seals v. District of Columbia*, 973 F.Supp. 184,

187 (D.D.C. 1997)).  It would be redundant here because the District is a named defendant.

Chief Lanier will therefore be dismissed from the case.

### B.  Ms. Argote's Fourteenth Amendment Claims Fail

Counts II and III are expressly premised on the Fourteenth Amendment.  That

amendment does not apply to the District or its police force.  *Bolling v. Sharpe*, 347 U.S. 497,

499 (1954); *Person v. District of Columbia*, 642 F. Supp. 2d 24, 28 (D.D.C. 2009).  Plaintiff's

argument that "Ms. Argote's claims are lodged under 42 U.S.C. § 1983," Opp'n at 2, misses the

point.[1]  Any § 1983 suit alleging the violation of an inapplicable constitutional amendment fails

to state a claim for relief.  *See Ennis v. Lott*, 589 F.Supp.2d 33, 35 n. 2 (D.D.C.2008) (dismissing

the plaintiff's § 1983 claims premised on Fourteenth Amendment violations because "[t]he

Fourteenth Amendment does not apply to the District of Columbia").  Counts II and III will

therefore be dismissed against all defendants.

---

[1] Ms. Argote alleges that "MPD's misconduct violated 42 U.S.C. § 1983."  Am. Compl. ¶¶ 42,
51.  That somewhat misstates the law.  A plaintiff brings suit *under* § 1983 to redress violations
of *other* federal law, including the Constitution.  In other words, § 1983 provides a right of
action; it is never itself violated.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991)
("Section 1983 does not create substantive rights; it merely serves as the procedural device for
enforcing substantive provisions of the Constitution and federal statutes.") (citing *Chapman v.
Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979) ("[O]ne cannot go into court and claim a
'violation of § 1983'—for § 1983 by itself does not protect anyone against anything")).  Because
Counts II and III are properly understood to allege violations of the Fourteenth Amendment, not
§ 1983, no amendment can save those counts.  They will therefore be dismissed with prejudice.

**C.  Ms. Argote's Fourth Amendment Claims Fails against the District of Columbia**

Count I alleges a violation of the Fourth Amendment, which does apply to the District.  In order to state a claim for relief against a municipality, however, the § 1983 plaintiff must show that the alleged harm was caused by a custom, policy or practice of the municipality—not "solely by its employees or agents."  *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978).  In other words, the District is not liable under a theory of respondeat superior for an alleged constitutional violation by a D.C. employee.  *See Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985); *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997).

Ms. Argote has not adequately pleaded a custom, policy or practice on the District's part.  To be sure, she alleges that MPD officers "regularly" commit the sort of violations alleged here.  Am. Compl. ¶¶ 19-20.  She also includes "fail[ure] to properly train" and "fail[ure] to monitor and manage" allegations.  *Id.* ¶¶ 22-25.  But none of those allegations is supported by a single pleaded fact.  Ms. Argote makes a wholly unsupported leap from the premise of her own ordeal to the conclusion that this must be happening everywhere.  The complaint contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not suffice."  *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318, 1332 (2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Count I will be dismissed against the District for failure to plead a theory of municipal liability that is plausible on its face.

Count I remains against Officer Richardson.

### D.  Ms. Argote's Invasion of Privacy Claim will be Dismissed

Under D.C. law, an invasion-of-privacy claim is subject to a one-year statute of limitations.  *Greenpeace, Inc. v. Dow Chem. Co.*, 97 A.3d 1053, 1061-62 (D.C. 2014); *Paul v. Judicial Watch, Inc.*, 543 F. Supp. 2d 1, 10 (D.D.C. 2008).[2]  Ms. Argote does not disagree, nor does she contest the Defendants' assertion that her claim is untimely.  The point is therefore conceded.  *Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015) (citing Local Civil Rule 7(b); *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014)).  Count IV will be dismissed.

### E.  Ms. Argote's Conversion Claim Will be Dismissed

Defendants argue that "conversion cannot exist where the Plaintiff retains a copy of, and therefore retains dominion and control over, her property."  Mot. at 9.[3]  They are correct.

Conversion is "an unlawful exercise of ownership, dominion, and control over the personalty of another in denial or repudiation of his right to such property."  *Greenpeace*, 97 A.3d at 1063 (quoting *Wash. Gas Light Co. v. Pub. Serv. Comm'n*, 61 A.3d 662, 675 (D.C.

---

[2] Invasion of privacy is not one tort, in fact, but "a complex of four, each with distinct elements and each describing a separate interest capable of being invaded."  *Wolf v. Regardie,* 553 A.2d 1213, 1216-17 (D.C. 1989).  The four torts are: "(1) intrusion upon one's solitude or seclusion ["intrusion"]; (2) public disclosure of private facts ["public disclosure"]; (3) publicity that places one in a false light in the public eye ["false light"]; and (4) appropriating one's name or likeness for another's benefit ["appropriation"]."  *Id.* at 1217 (citing *Vassiliades v. Garfinckel's, Brooks Bros.,* 492 A.2d 580, 587 (D.C. 1985)).  Plaintiffs may allege violations of any of the four protected interests.  *Greenpeace*, 97 A.3d at 1061.

[3] Ms. Argote also accuses Defendants of categorically exempting intangible property from the tort of conversion.  It is not clear that Defendants ever made such an argument, and they disclaim it in their Reply.  To date, "it remains an open question whether District of Columbia law would protect intangible property" in a tort action for conversion.  *Xereas v. Heiss*, 933 F. Supp. 2d 1, 6 (D.D.C. 2013) (citing *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C.Cir.2004); *Equity Grp., Ltd. v. PaineWebber Inc.*, 48 F.3d 1285, 1286 (D.C.Cir.1995)).  This Court will proceed as if such property would be protected.

2013)).  When a defendant's interference "falls short of the complete or very substantial deprivation of possessory rights in the property, the tort committed is not conversion." *Furash & Co. v. McClave*, 130 F. Supp. 2d 48, 58 (D.D.C. 2001) (quoting *Pearson v. Dodd*, 410 F.2d 701, 706 (D.C. Cir. 1969)).

In this case, Officer Richardson texted himself a copy of Ms. Argote's image. The image itself remained on her phone.  In analogous cases, this has been held to fall short of conversion.  In *Pearson*, for example, congressional employees broke into their office and took documents.  410 F.2d at 706.  They copied those documents overnight and returned the originals to the office.  *Id.*  The D.C. Circuit concluded that this was not conversion.  *Id.*

Ms. Argote relies on a more recent case: *Council on American-Islamic Relations v. Gaubatz*, 793 F. Supp. 2d 311 (D.D.C. 2011).  There the court observed, as Ms. Argote emphasizes in boldface, that "it remains an open question whether District of Columbia law would protect intangible property" in a tort action for conversion.  *Id.* at 339; *see* Opp'n at 7. That much is true, but it is also a dictum.  Ms. Argote overlooks the holding of that case, which was that "Plaintiffs ha[d] otherwise failed to state a plausible claim for the conversion of electronic data."  *Id.* at 340.  That was because "[a]t best, Plaintiffs ha[d] alleged that Defendants accessed and copied electronic data," and the "mere copying of documents does not seriously interfere with the plaintiff's right of control."  *Id.* (citing *Furash & Co.*, 130 F. Supp. 2d at 58; *Pearson*, 410 F.2d at 706).[4]

That is precisely the case here.  Officer Richardson may have unlawfully accessed Ms. Argote's phone and committed the despicable act of texting her nude picture to himself, but

---

[4] *Accord FMC Corp. v. Capital Cities/ABC, Inc.*, 915 F.2d 300, 303-04 (7th Cir. 1990) (applying California law); *Internet Archive v. Shell*, 505 F. Supp. 2d 755, 763 (D. Colo. 2007) (applying Colorado law).

that was not conversion because it did not seriously interfere with Ms. Argote's ownership or control of her picture.  The actions may be redressable through other means, but not the tort of conversion.  Count V will be dismissed against all defendants.

## IV.  CONCLUSION

For the reasons stated above, Counts II, III, IV and V will be dismissed as against all defendants.  Count I will be dismissed as against the District for failure to plead municipal liability adequately.  Ms. Argote may still pursue Count I against Officer Richardson, however, for personal liability.

A memorializing Order accompanies this Opinion.


Date: January 8, 2016                                         _____/s/_____
                                                             ROSEMARY M. COLLYER
                                                             United States District Judge